# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Joseph A. Durso

v.

Chrysler Corp. et al.

December 19, 1996

Case No. CL96-91

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this action involving the sale of an allegedly defective pickup truck, the defendants, the dealer and the manufacturer, have demurred to portions of the plaintiff's pleading, including the claim for punitive damages.

### *Nature of the Case and Status of the Proceedings*

The motion for judgment alleges that the dealer and manufacturer of a Dodge D150 pickup breached their warranties and violated the Virginia Motor Vehicle Warranty Enforcement Act ("Lemon Law") in connection with the sale of the vehicle to the plaintiff and their failure to repair it when it was returned for work. The pleading is divided into three counts. The first two counts allege breach of various warranties. The third count is based on violations of the Lemon Law. In each count, the plaintiff seeks damages for mental distress and punitive damages.

The original motion for judgment named Joseph A. Durso as plaintiff. The defendants filed a plea in bar contending that the vehicle was purchased by Durso's corporation, JAD Building, Inc., not Durso individually, and that Durso is not entitled to enforce the warranties. Consequently, on the motion of the plaintiff, unopposed by the defendants, JAD Building, Inc., was substituted for Durso.

After JAD Building, Inc., was substituted as plaintiff, the defendants demurred. The demurrers were heard on December 16, 1996. This opinion addresses all issues raised in the demurrer.

### Mental Distress

The dealer (Safford) and the manufacturer (Chrysler) contend that a corporate plaintiff cannot suffer mental distress, mental anguish, emotional distress, or similar "intangible" damages. Now that JAD Builders, Inc., rather than Durso is the plaintiff in this action, such damages are inappropriate. The court agrees with the defendant that a corporation is not entitled to recover such damages because it is impossible for a corporation to suffer them. The plaintiff conceded this point during oral argument.

Accordingly, the defendants' demurrers to all claims for damages resulting from mental distress will be sustained, and those portions of the plaintiff's pleading will be stricken.

### Punitive Damages

Safford and Chrysler next contend that the plaintiff has alleged no facts that would entitle it to punitive damages. They also observe that the pleading does not set forth in a separate count allegations of an independent willful tort as required by *Kamlar Corp. v. Haley*, 224 Va. 699 (1983).

The court agrees with the defendants. Accordingly, the demurrer to all claims for punitive damages will be sustained, and the plaintiff will be granted leave to amend its pleading within twenty-one days from entry of the order memorializing these rulings.

### The Lemon Law Claim

In Count III, the plaintiff seeks recovery under the so-called Lemon Law, the Motor Vehicle Warranty Enforcement Act, Virginia Code § 59.1-207.9, et seq. The defendants demur, asserting that JAD Builders, Inc., is not a "consumer" within the definition of the Act.

As defined in the Act, a consumer is any purchaser of a motor vehicle "used in substantial part for personal, family, or household purposes ... ." The law imposes certain duties on a manufacturer and its dealer to conform a motor vehicle to the applicable warranties. If the nonconformity is significant and is not corrected after the consumer avails himself of certain procedures

enumerated in the Act, the consumer may bring a civil action to enforce the provisions of the Act.

The defendants correctly observe that a corporation ordinarily would not purchase or own a vehicle for "personal, family, or household purposes" and thus would not be a "consumer" to whom the Act affords protection. Essentially, the extraordinary remedies provided in the Lemon Law are designed to protect individual consumers, not purchasers of vehicles that will be used for commercial purposes. Thus, when a business entity seeks to avail itself of the provisions of the Lemon Law, this court is of the opinion that the pleading is facially defective unless it contains allegations to bring the plaintiff "consumer" within the scope of the Act. Because this corporate plaintiff has made no such allegations in its pleading, the demurrer to Count III will be sustained with leave granted to the plaintiff to file an amended motion for judgment within twenty-one days of entry of the order memorializing these rulings if it can allege in good faith that it is a "consumer" within the definition of the Act.

Finally, Safford contends in its demurrer that there can be no recovery under the Lemon Law against a dealer. Safford is correct. The plain language of the Act allows a consumer to bring an action against the *manufacturer* of a nonconforming vehicle, if certain conditions precedent are satisfied. Therefore, the dealer is not a proper defendant in Count III. Safford's demurrer will be sustained, and it will be stricken as a party defendant from Count III.